IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOEL CHRISTOPHER SIMCOX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV289 |
| | ) | 1:03CR248-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joel Christopher Simcox, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket nos. 1, 12 (criminal case)) The court sentenced him to 72 months in prison, (id. docket no. 17), and Petitioner did not appeal.

In this section 2255 motion, (docket no. 1),[1] Petitioner alleges that he received a four-point enhancement for conduct not charged in his indictment or determined by a jury, (id. at 5). This claim is based on United States v. Booker, 543 U.S. 220 (2005). Respondent has responded to the motion. (Docket no. 3) Petitioner was

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

advised of his right to file a reply brief, but he has not done so, and the time for filing has now expired. (Docket no. 4) The matter is ready for ruling.

## **DISCUSSION**

Petitioner's conviction became final ten days after the entry of this court's judgment because Petitioner did not appeal, Clay v. United States, 537 U.S. 522 (2003); thus, his conviction became final in March 2004. (Docket no. 17 (criminal case)) Petitioner's conviction became final before Booker was decided in 2005. The Fourth Circuit has recently held that Booker was a "new rule" of criminal procedure under Teague v. Lane, 489 U.S. 288 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before Booker (or Blakely) was decided."[2] United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Because Booker cannot be applied retroactively in this proceeding, Petitioner's sole ground for relief has no merit and should be dismissed.

---

[2] The court also made clear that it is the date that Booker rather than Blakely was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing Lloyd v. United States, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date Booker issued is appropriate dividing line because Blakely reserved decision about the federal sentencing guidelines), cert. denied, 126 S.Ct. 288 (2005)).

-2-

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
January 23, 2006